MARSHALL W. TAGGART, Respondent, v. WESTERN UNION TELEGRAPH COMPANY, Appellant.

First Department, November 4, 1921.

**Telegraphs and telephones — action for damages for refusal to pay money telegraphed by plaintiff to himself under contract waiving identification — complaint insufficient which fails to allege defendant's agent had reason to believe plaintiff was party entitled to money or that he was actuated by malice — measure of damages — such damages must be reasonably within contemplation of parties at time contract was executed — at most, nominal damages recoverable where defendant could not possibly have contemplated damages claimed.**

In an action for damages resulting from refusal to pay the sum of $500 telegraphed by the plaintiff from New York to himself at Baltimore unless the plaintiff produced positive evidence of his identity, the complaint, which alleged that the defendant signed a waiver of identification and undertook to pay the money to such person " as the agent of the defendant believed to be the above plaintiff," fails to state a cause of action where it contains no direct allegation that the defendant's agent at Baltimore believed the person who demanded the money to be the plaintiff or that the plaintiff was entitled to the money, or that the agent was actuated by malice.

Only such damages as may be reasonably deemed to have been within the contemplation of the parties at the time the contract was entered into are recoverable. Hence, only nominal damages are recoverable by the plaintiff, since the defendant subsequently paid the money to the plaintiff, and damages totalling $7,500 caused by a loss in a business transaction could not possibly have been contemplated as a result of a breach of the agreement.

SMITH, J., dissents.

APPEAL by the defendant, Western Union Telegraph Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of May, 1921, denying its motion for judgment on the pleadings in favor of the plaintiff for nominal damages only, with costs of the motion to the defendant.

*Joseph L. Egan* of counsel [*Francis Raymond Stark* with him on the brief], for the appellant.

*Mark H. Ellison,* for the respondent.

GREENBAUM, J.:

The complaint alleges that the defendant is a domestic corporation engaged in the " telegraphing of communications and money; " that on or about the 6th day of November, 1920, the plaintiff caused to be paid to the defendant by check the sum of $502.44, with instructions to telegraph the sum of $500 to him at the Southern Hotel, Baltimore, Md.; that the plaintiff's representative at the time he paid the defendant the $502.44 duly signed a waiver of identification and directed the defendant that the plaintiff should not be required to produce positive evidence of identity, but to pay the $500 at his risk to such person " as the agent of the defendant believed to be the above plaintiff; " that the plaintiff duly appeared at the defendant's office in Baltimore and demanded the said sum, but that it was refused until the plaintiff could produce positive evidence of his identity, which he was unable to do, and that plaintiff informed the defendant's representative at Baltimore that it was absolutely necessary to secure the $500 to be paid as a deposit for certain horses which he had purchased and resold; that the defendant refused to pay the $500, although ordered to do so by the plaintiff's agent, thereby violating its obligation by refusing to carry out the terms of the agreement.

The complaint concludes with the following allegation: " That by reason of the aforesaid, plaintiff has been damaged as a direct result of the action of this defendant, as aforesaid, in the sum of seven thousand five hundred dollars, no part of which has been paid although duly demanded."

It was admitted upon the argument that the $500 turned over to defendant for transmission is not included in the $7,500 damages claimed, that sum having been repaid to plaintiff by defendant.

The appellant contends that the complaint fails to state a cause of action and that, in any event, the plaintiff could not recover more than nominal damages.

According to the complaint, the defendant's undertaking was to pay the money at Baltimore " to such person as the agent of the defendant believed to be the above plaintiff." There is no direct allegation, nor any allegation from which it may be inferred that the defendant's agent at Baltimore

" believed " the person who demanded the money " to be the above plaintiff." Nor is there any suggestion in the complaint that the defendant's agent had reason to believe that plaintiff was the party who was entitled to receive the money; nor that the agent's action was inspired by malice, or that he did anything other than exercise his judgment in the matter. The complaint fails to state a cause of action.

We are also in accord with appellant's contention that ro facts are alleged in the complaint from which it may be inferred under any circumstances, that the plaintiff sustained anything more than nominal damage. When the defendant's agent contracted with the plaintiff to pay $500 to the plaintiff at Baltimore, the defendant could not possibly have contemplated that any such damage as is here claimed would result from a breach of that agreement. What the plaintiff told the defendant's agent at Baltimore, after the money reached there, is immaterial, since that information was not given at the time the contract was made.

It is an elementary rule of contract law that only such damages as may be reasonably deemed to have been within the contemplation of the parties at the time the contract was entered into are recoverable. (*Baldwin* v. *United States Telegraph Co.*, 45 N. Y. 744; *McColl* v. *Western Union*, 44 N. Y. Sup. Ct. 487; 7 Abb. N. C. 151; 1 Am. Elec. Cases, 280.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings granted, with ten dollars costs.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; SMITH, J., dissents.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.