. HARRY J. SCHAFER, Plaintiff, v. TEX RICKARD, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District,

—— ——, ——.

Contracts — action for breach — action based on failure of plaintiff to be admitted to prize fight after purchasing ticket — damages, including carfare and hotel bill, not proper — recovery denied.

The plaintiff alleges that he purchased two ringside seats for the Dempsey-Sharkey fight which was held in New York city; that the purchase was made through a third person; that he presented himself at one of the gates of the Yankee Stadium, but could not obtain admission because the gate was closed and that he tried other gates, all of which were closed. The plaintiff seeks to recover, not only the alleged cost of the two tickets, but also railroad fare and hotel bills for himself and wife from his home in Oklahoma to New York city and return. The evidence justifies the conclusion that the gates were open at the time the plaintiff contends they were closed, and on the facts of the case the plaintiff cannot recover.

Furthermore, it would seem that the damages claimed, including carfare for himself and wife from his home in Oklahoma and return and hotel bills, were not such as reasonably might have been anticipated by the parties to arise from a breach of the contract.

ACTION by ticket holder to recover damages for failure to gain admission to prize fight.

*Edgar I. Ahrweiler*, for the plaintiff.

*Chadbourne, Stanchfield & Levy* [*Walter G. McGahan* of counsel], for the defendant.

SULZBERGER, J. This case is an aftermath of the Dempsey-Sharkey fight. Plaintiff is a resident of Oklahoma City. He claims that his friend, Mr. Max Mullen of Bronxville, N. Y., purchased for him two ringside seats at twenty-seven dollars and fifty cents a seat; that on July 14, 1927, plaintiff and his wife left Oklahoma City for the sole purpose of attending the fight. They arrived in New York city on July 21, 1927. At about nine-fifteen P. M. they presented themselves at gate J of the Yankee Stadium, which was the place designated on the tickets, but they were unable to gain admittance. Plaintiff claims that the gate was shut, and that there were no attendants in charge. A police officer advised going to the main gate, but that was also shut when plaintiff and his wife arrived. They went from gate to gate in vain, and finally

went back to the hotel where they were stopping without having seen the fight. On July 24, 1927, they left for their home town. Plaintiff seeks to recover damages as follows:

| | |
|---|---:|
| Railroad fare and Pullman from Oklahoma city to New York and return, for plaintiff and his wife............,. | $264 12 |
| Meals on the train for plaintiff and his wife............. | 73 75 |
| Hotel accommodations in New York from July 21, 1927, to July 24, 1927 (4 days), for plaintiff and his wife.... | 40 00 |
| Two fight tickets at $27.50........................... | 55 00 |
|    Total..................................... | $432 87 |

With perfect fairness toward each other, neither counsel cites any precisely parallel precedent with respect to the claim of special damages. Perhaps, to borrow the vigorous language of GAYNOR, J., " No such absurdity was ever heard of." (*Smith* v. *Long Island R. R. Co.*, 129 App. Div. 427, 432.) The tickets were purchased by Mr. Max Mullen in New York. He was not produced at the trial, and there is nothing in the record to indicate the nature of the conversation between him and the person from whom he made the purchase. Nor does the record disclose the identity of the person who sold the tickets; whether he was an agent of the defendant, or merely an independent dealer or speculator in tickets. It is an elementary rule that only such damages as may be reasonably deemed to have been within the contemplation of both parties at the time the contract was entered into are recoverable. (*Hadley* v. *Baxendale*, 9 Exch. 341; *Griffin* v. *Colver*, 16 N. Y. 489; *Taggart* v. *Western Union Telegraph Co.*, 198 App. Div. 366; *Luxenberg* v. *Keith & Proctor Amusement Co.*, 64 Misc. 69.)

On the merits, defendant produced (1) the general supervisor in charge of ticket takers, watchers and guards at all entrances to the stadium, and (2) the supervisor in charge of gate J. Having due regard for the weight of the credible evidence, and the inherent probabilities of the case, I am inclined to accept the defendant's version, that gate J was open until after nine-thirty P. M., and that the main gate was held open beyond that time. In the nature of things, defendant could not contradict plaintiff more directly. As was said by Judge O'BRIEN in *Travelers Ins. Co.* v. *Pomerantz* (246 N. Y. 63, 69): " All evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other side to have contradicted."

This was the first visit to New York for both plaintiff and his wife. They were there for *three* days after their tragic experience. They did some shopping in its magnificent stores, and attended the performances at several theatres. Plaintiff should find some consola-

tion in the pride which must be his, that it can no longer be said that he and his wife did not visit the greatest metropolis in the world, and its splendid and stupendous places of amusement.

Judgment for defendant.